JAMES J. WALSH, Respondent, Appellant, *v.* CHARLES A. JUDGE, as President of the NEW YORK DISTRICT COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and Others, Appellants, Respondents.

JAMES J. WALSH, Respondent, Appellant, *v.* CHARLES A. JUDGE and Others, Appellants, Respondents.

First Department, April 27, 1928.

**Trade unions — plaintiff was expelled from union and later reinstated in action brought for that purpose — present actions are against officers of union for damages — first action is referred to as ouster action and second action as conspiracy action — allegations in defense as to circumstance under which plaintiff was tried by committee of union do not constitute defense — defenses of res judicata, release, another action pending, and failure to exhaust remedies within union are not sufficient.**

The plaintiff was expelled from a union and subsequently reinstated in an action for that purpose. The present actions, referred to as the ouster action and the conspiracy action, were brought against the officers of the union responsible for plaintiff's expulsion to recover damages. The defenses in the two actions are practically identical. The court properly struck out certain paragraphs in the answer in the ouster action and improperly refused to strike out similar paragraphs in the answer in the conspiracy action, which paragraphs contain allegations with respect to the circumstances under which plaintiff was tried and convicted by a committee of his union, and certain allegations as to the action for reinstatement. The paragraphs mentioned are not denials, defenses, counterclaims or mitigatory matter and have no place in the answer.

The defense of *res judicata*, based on the judgment in the reinstatement action, is not sufficient and should have been stricken out in the ouster action because the parties to the reinstatement action are not the same as the parties to these actions, and for the further reason that the question of plaintiff's damages was not an issue in the reinstatement action.

The defenses in the ouster action that the cause of action is released by the payment of costs in the reinstatement action, and that another action is pending, which latter defense refers to the existence of the conspiracy action, and that the plaintiff did not exhaust his remedies within the union, are insufficient.

CROSS-APPEALS in each of the above-entitled actions from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 28th day of February, 1927.

*Donald Marks,* for the plaintiff.

*Otto A. Gillig* of counsel [*Ralph Stout* with him on the brief], for the defendants.

McAvoy, J. Both parties here appeal from orders made in two related actions. Plaintiff made a motion in each action to strike out portions of the amended answer as insufficient in law. The actions arose out of an illegal expulsion of the plaintiff from his union of carpenters. After the expulsion an action was brought for reinstatement and the plaintiff was restored to his membership in the union.

Plaintiff sues the governing officers of the union responsible for his expulsion for damages in these new suits. Some of the defendants are in each action.

The parties refer to these two actions as *first,* the ouster action, and *second,* as the conspiracy action.

The answers in each case are substantially similar.

Plaintiff's motion requested that paragraphs 3, 4 and 5 in each answer, and the second, third, fourth and fifth defenses in each answer be struck out.

In the ouster action the motion with respect to paragraphs 3, 4 and 5, and with respect to the third, fourth and fifth defenses was granted. The appeal by plaintiff is from the portion of the order denying the motion to strike out the second defense, and defendants' appeal is from the granting of the motion to strike out paragraphs 3, 4 and 5, and the third, fourth and fifth defenses.

In paragraphs 3, 4 and 5 which were struck out in the ouster action, there are certain allegations with respect to the circumstances under which plaintiff was tried and convicted by the trial committee, and with respect to the action brought by plaintiff for reinstatement. These allegations are neither in form nor substance denials, defenses, counterclaims or mitigatory matter in partial defense and were correctly stricken out.

The second, third, fourth and fifth defenses are that the judgment in the reinstatement action is *res adjudicata;* that the cause of action is released by payment of the costs in the reinstatement action; that there is another action pending between the same parties for the same cause. The action referred to as the other action is the conspiracy action brought at the same time. The fifth defense is that plaintiff did not exhaust his remedies within the union.

We think the order in respect to these defenses should be affirmed, except as to the second defense, *i. e.*, *res adjudicata.* We conclude that *res adjudicata* cannot be pleaded in this action because of the judgment in the reinstatement action, *first,* because the parties to the action are not the same, and *second,* because the question of plaintiff's damages was never at issue in the reinstatement action, being a separate and distinct cause of action. The other defenses are all insufficient, because none will defeat, mitigate or reduce plaintiff's remedy. As to the conspiracy action the defendants are not identical with those in the ouster action, although some of them are included.

The answer to the conspiracy action is practically the same as the answer to the ouster action. The paragraphing is the same and the different allegations of the answer attacked are identical except for slight differences in wording. In this answer all the defenses were struck out, but the court allowed paragraphs 3, 4 and 5 to remain in the answer. These are the paragraphs which set forth the circumstances under which plaintiff was tried and convicted by the trial committee of the district council and which relate to proceedings in an action brought by plaintiff for reinstatement.

We find no differences in these causes sufficiently important to justify a difference in treatment of the pleadings to the alleged causes of action.

The order in the ouster action should, therefore, be reversed so far as it denied plaintiff's motion and failed to strike out the second defense, and the motion to strike out said defense granted; and the order in the conspiracy action should also be reversed so far as it denied plaintiff's motion and failed to strike out paragraphs 3, 4 and 5 of defendants' amended answer, and the motion to strike out said paragraphs granted; and in other respects the orders should be affirmed, with ten dollars costs and disbursements to the plaintiff in each action.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

In the ouster action. Order so far as appealed from by plaintiff reversed, with ten dollars costs and disbursements to the plaintiff, and the motion to strike out the second defense granted. Order so far as appealed from by defendants affirmed.

In the conspiracy action. Order so far as appealed from by plaintiff reversed, with ten dollars costs and disbursements to the plaintiff, and the motion to strike out paragraphs 3, 4 and 5 of amended answer granted. Order so far as appealed from by defendants affirmed.