■ EVEREADY INSURANCE COMPANY, Appellant, v MARY ASANTE et al., Respondents, et al., Defendant.—In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties regarding the payment of "no-fault" benefits to, or on behalf of, the defendant Asante, the plaintiff Eveready Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated January 7, 1988, as (1) granted the motion of the defendants Travelers Indemnity Company and Travelers Insurance Company for summary judgment dismissing the complaint as against them, (2) denied the cross motion of the Eveready Insurance Company for summary judgment declaring that it is not required to afford the defendant Asante "no-fault" protection, and (3) declared that Travelers Indemnity Company and Travelers Insurance Company are not obligated to afford "no-fault" protection to the defendant Asante.

Ordered that the appeal from so much of the order as declared that Travelers Indemnity Company and Travelers Insurance Company are not obligated to afford "no-fault" coverage to the defendant Asante is dismissed, as the plaintiff is not aggrieved thereby; and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the Travelers Indemnity Company and the Travelers Insurance Company for summary judgment dismissing the complaint as against them and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof denying the cross motion of Eveready Insurance Company for summary judgment and adding a provision declaring that Eveready Insurance Company is not obligated to afford "no-fault" protection to the defendant Asante; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the respondent Asante.

On November 6, 1985, the defendant Asante was a passenger in a 1977 Pontiac which was involved in an accident with an unidentified truck. The Pontiac was owned and operated by the defendant Ruffin who allegedly used the vehicle to transport persons for a fee. It is undisputed that an automobile liability insurance policy which covered the Pontiac and which was in effect on the date of the accident was issued by Travelers Indemnity Company and Travelers Insurance Company (hereinafter Travelers) to Ruffin. Also in effect on the day of the accident was an automobile liability policy issued

by Eveready Insurance Company (hereinafter Eveready) to the defendant Asante's husband. In addition to providing liability coverage (see, Vehicle and Traffic Law §§ 311, 312; see also, Insurance Law § 3420 [e]), both policies contained the statutorily mandated endorsements for first-party personal injury (no-fault) and uninsured motorist benefits (see, Insurance Law § 3420 [f] [1]; § 5102 [a]).

Alleging that she had suffered bodily injury as a result of the accident, the defendant Asante made a claim for benefits pursuant to the "no-fault" endorsement of the liability policy issued by Travelers to the driver Ruffin. Travelers evidently made some payments to health care providers on the defendant Asante's behalf, but it ultimately disclaimed coverage, relying on one of the "Liability Insurance Exclusions" of the policy, which exclusion provides that "[t]his insurance * * * does not cover * * * any vehicle while being used to carry persons or property for a fee".

The defendant Asante's dispute with Travelers proceeded to expedited "no-fault" arbitration (see, Insurance Law § 5106 [b]; 11 NYCRR 65.16), where it was determined that, although the Ruffin vehicle was being used for hire at the time of the accident, the exclusion on which Travelers relied applied only to the "liability" portion of the policy. Citing 11 NYCRR 65.12, which concerns the terms of the mandatory "no-fault" endorsement, the arbitrator ruled that the permissible exclusions from "no-fault" coverage were narrowly limited to those set forth in the regulation, none of which relieved Travelers of the obligation to pay "no-fault" benefits to a passenger in a covered vehicle. Travelers thereafter appealed to a master arbitrator (see, Insurance Law § 5106 [c]; 11 NYCRR 65.18), who disagreed with the expedited arbitration award and ruled that the policy "excludes passengers for hire". Citing 11 NYCRR 60.2, concerning permissible exclusions from automobile liability insurance policies, the master arbitrator reasoned that "the rules and regulations mandate that the liability clause of the policy be interpreted to mean what it says and that the liability clause (non-coverage of passengers for hire) be given full force and effect".

The defendant Asante did not seek judicial review of the master arbitrator's award in Travelers' favor. Instead she made claim for benefits pursuant to both the "no-fault" and the uninsured motorist endorsements of the policy issued by Eveready to her husband. Eveready declined to make payment and the defendant Asante demanded arbitration, apparently only of her claim for uninsured motorist benefits. Eveready, in

turn, commenced a special proceeding against the defendant Asante seeking a stay of arbitration of the uninsured motorist claim on the ground that the Ruffin vehicle was insured by Travelers. Eveready also requested leave to join Travelers as party respondents to the proceeding. That proceeding is the subject of a separate appeal *(see, Matter of Eveready Ins. Co. v Asante,* ·153 AD2d 890 [decided herewith]). Simultaneously with the commencement of the special proceeding, Eveready commenced the instant action against Asante, Travelers, and Ruffin for a judgment declaring that, because of a policy provision excluding from "no-fault" coverage the insured or any relative of the insured while occupying another vehicle for which there is other "no-fault" coverage, it was not obligated to provide "no-fault" coverage to the defendant Asante and that Travelers was so obligated. In its answer to the complaint, Travelers asserted as an affirmative defense that, because of the arbitration proceeding pertaining to the defendant Asante's unsuccessful claim for "no-fault" benefits pursuant to the Travelers policy, Eveready was collaterally estopped from "relitigating" that issue in the context of the declaratory judgment action. Travelers also interposed a counterclaim, the viability of which is not presently before us *(cf., State-Wide Ins. Co. v Buffalo Ins. Co.,* 105 AD2d 315), for reimbursement for the payments made on Asante's behalf, which it alleged it made by mistake and which it alleged were Eveready's obligation. The defendant Asante's answer interposed only general denials. Ruffin has evidently not appeared in the action.

Relying on the collateral estoppel defense interposed in its answer, Travelers subsequently made application for summary judgment dismissing the complaint. Eveready cross-moved for summary judgment declaring that it was not required to afford "no-fault" protection to the defendant Asante or, alternatively, that Travelers was so obligated. By order dated January 7, 1988, the Supreme Court granted Travelers' motion, dismissed the complaint as against them, and severed and continued Travelers' counterclaim. It also denied Eveready's cross motion for summary judgment, although it nonetheless declared that Travelers is not obligated to provide "no-fault" coverage to, or on behalf of, Asante, a declaration which Asante does not challenge on appeal.

We cannot agree with Travelers' contention, or with the implicit conclusion of the Supreme Court, which set forth no reasons for its rulings, that Eveready was collaterally estopped from litigating whether it is required to afford the defendant Asante "no-fault" protection on account of the

November 6, 1985 accident. The doctrine of collateral estoppel is a flexible one *(see, Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59, 61) and " ' "is essentially a rule of justice and fairness" ' " *(Kelly v Malone Frgt. Lines,* 139 AD2d 566, quoting *Hinchey v Sellers,* 7 NY2d 287, 294, quoting *Commissioners of State Ins. Fund v Low,* 3 NY2d 590, 595). Eveready was not a party to and was evidently not initially aware of the arbitration proceeding concerning the defendant Asante's claim for "no-fault" benefits pursuant to the Travelers policy *(see, Liss v Trans Auto Sys.,* 68 NY2d 15; *cf., Kelly v Malone Frgt. Lines, supra; Kaufman v Towers Transp.,* 63 AD2d 669). Moreover, a determination that Eveready's interests were not represented at that arbitration proceeding by the defendant Asante is compelled by the fact that, rather than challenge the master arbitrator's award in a special proceeding *(see,* CPLR art 75), the defendant Asante made claim for both "no-fault" and uninsured motorist benefits pursuant to the policy issued by Eveready to her husband. Under these circumstances, Eveready is not precluded by the outcome of the arbitration between the defendant Asante and Travelers from litigating whether it is obligated to afford her "no-fault" protection.

As has been indicated, the Eveready policy did not provide "no-fault" coverage for injuries sustained by the named insured or members of his household while riding in another vehicle with respect to which "no-fault" coverage was in effect *(cf.,* Insurance Law § 5103 [a]). The sole premise for the contention that "no-fault" protection which would otherwise cover the defendant Asante *(see,* Insurance Law § 5103 [a] [1]; *see also,* Insurance Law § 5103 [h]) is not available to her is the exclusion of "vehicles" while being used to carry persons for a fee contained in that portion of the Travelers policy governing "liability" coverage. However, just as the uninsured motorist endorsement is a discrete part of the main policy *(see, Matter of Knickerbocker Ins. Co. [Faison],* 22 NY2d 554), the "no-fault" endorsement is "internally complete and a distinct part of the insurance policy. The coverage provided for in the [no-fault] endorsement cannot be qualified by the inapplicable conditions and exclusions of the liability portion of the policy" *(Matter of Michigan Millers Mut. Ins. Co. v Cullington,* 59 AD2d 784, 785).

Since there are no disputed issues of fact and since the defendant Asante originally had available to her, pursuant to the Travelers policy, "no-fault" protection which could not be limited by the exclusions in the liability portion of the policy

*(cf.,* Insurance Law § 5103 [b], [h]; 11 NYCRR 65.12; *Matter of Michigan Millers Mut. Ins. Co. v Cullington, supra),* Eveready is entitled to judgment declaring that it is not obligated to provide "no-fault" benefits to the defendant Asante pursuant to the policy issued to her husband. However, Eveready is not aggrieved *(see,* CPLR 5511; *cf., Leeds v Leeds,* 94 AD2d 788, *appeal dismissed* 60 NY2d 641) by the declaration that Travelers is not obligated to afford the defendant Asante "no-fault" protection and therefore its appeal from that portion of the Supreme Court's order is dismissed. In this regard, we note that the parties do not address on appeal whether Asante is bound by the master arbitrator's award. We also note that any inequity to the defendant Asante was occasioned by her failure to attack that award in an appropriate special proceeding.

We have examined the remaining contentions of the parties and find them to be without merit. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.