■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v MARY ASANTE, Respondent.—In a proceeding pursuant to CPLR 7503 to stay arbitration, the petitioner Eveready Insurance Company appeals (1) from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 30, 1987, which denied its application (a) for leave to join Travelers Indemnity Company as a party respondent, and (b) to stay arbitration of Mary Asante's claim for uninsured motorist benefits, and (2) as limited by its brief, from so much of an order of the same court, dated September 21, 1987, as upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated March 30, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated September 21, 1987, made upon reargument; and it is further,

Ordered that the order dated September 21, 1987 is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petitioner's application which was for leave to join Travelers Indemnity Company as a party respondent is granted, and the matter is remitted to the Supreme Court, Kings County, for disposition of that branch of the petitioner's application which was to stay arbitration of Mary Asante's claim for uninsured motorist benefits; and it is further,

Ordered that petitioner's time to serve Travelers Indemnity Company with a supplemental notice of petition and petition is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The facts giving rise to this proceeding are set forth in our decision and order in a companion appeal *(see, Eveready Ins. Co. v Asante,* 153 AD2d 874 [decided herewith]) and will not be repeated at length here. We note, however, that at issue in this context is the Supreme Court's refusal to stay arbitration of a claim for benefits pursuant to the uninsured motorist endorsement of a policy issued by Eveready Insurance Company (hereinafter Eveready) to the husband of the respondent Asante. She previously, but unsuccessfully, sought "no-fault" benefits pursuant to a policy issued by Travelers Indemnity

Company (hereinafter Travelers) to the owner and operator of a vehicle in which she was a passenger when it was involved in an accident with an unidentified truck. In the instant proceeding, the Supreme Court ruled that, because of the determination, which it characterized as one of "no coverage", by a master arbitrator made in the context of an arbitration proceeding between the respondent Asante and Travelers, a stay of arbitration was "unnecessary".

For reasons set forth in our companion determination *(Eveready Ins. Co. v Asante, supra)*, we hold that Eveready is not collaterally estopped from litigating here whether the vehicle in which the respondent Asante was riding was uninsured; for example, whether because of an exclusion in the liability portion of that policy, the owner was financially unable to respond in damages for liability arising out of the ownership, maintenance, or use of a motor vehicle *(see,* Insurance Law § 5102 [i]; § 5202 [d], [j]; Vehicle and Traffic Law § 311 [3]). We also note that, in any event, since the "liability", "no-fault", and "uninsured motorist" portions of a comprehensive automobile insurance policy are discrete and internally complete *(see, Matter of Knickerbocker Ins. Co. [Faison]*, 22 NY2d 554; *Matter of Michigan Millers Mut. Ins. Co. v Cullington,* 59 AD2d 784, 785), arbitration of a claim for "no-fault" benefits is not dispositive of whether there is liability or uninsured motorist coverage *(cf., Matter of Michigan Millers Mut. Ins. Co. v Cullington, supra,* at 784).

The record before us in this proceeding, to which Travelers should be added as a party, is undeveloped. We therefore remit this matter to Supreme Court for such further proceedings as will enable it to properly determine whether Eveready is entitled to a stay of arbitration of the respondent Asante's claim for uninsured motorist benefits. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.