■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v JEFFERSON TOWERS, INC., Respondent.—Order of the Su-

preme Court, New York County (Elliott Wilk, J.), entered on January 28, 1991, which granted defendant's motion pursuant to CPLR 3211 to dismiss the complaint, is unanimously modified on the law to the extent of directing judgment in favor of defendant declaring that the conduct for which defendant was found liable to its tenant in another action and the $1.5 million damages awarded therein are within the coverage of the subject insurance policy, and otherwise affirmed, with costs and disbursements. The order of the same court, entered on July 5, 1991, which granted defendant's motion to reargue and, upon reargument, granted defendant's request for attorneys' fees and disbursements, is unanimously affirmed, with costs and disbursements.

The Supreme Court appropriately determined that the Directors and Officers Liability Endorsement extends coverage whenever any of the insured, including the corporate entity, is legally obligated to pay for a civil claim arising out of a wrongful act. The exclusion urged by plaintiff does not apply since the endorsement is separate and distinct from the general liability portion of the policy *(see, Matter of Knickerbocker Ins. Co. [Faison],* 22 NY2d 554, 558; *Thompson-Starrett Co. v American Mut. Liab. Ins. Co.,* 276 NY 266; *Matter of Eveready Ins. Co. v Asante,* 153 AD2d 890, 891). However, the court should have declared the rights of the parties under the policy rather than dismiss the complaint *(Lanza v Wagner,* 11 NY2d 317). Defendant was, moreover, entitled to recover attorneys' fees and costs, having been compelled by its insurer "to defend against its attempts to obtain a declaration of its right to disclaim" *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 22). Concur—Milonas, J. P., Wallach, Kupferman and Asch, JJ.