■ MURRAY COHEN et al., Respondents, v CHUBB INDEMNITY INSURANCE COMPANY, Appellant. [729 NYS2d 105] —Order, Supreme Court, New York County (Walter Tolub, J.), entered September 27, 2000, which denied the motion of defendant Chubb Indemnity Insurance Company for summary judgment, granted plaintiffs' cross motion for summary judgment and declared that defendant is obligated to provide plaintiff Murray Cohen with supplemental underinsured motorist (SUM) coverage under the automobile insurance policy issued to plaintiff Rochelle Cohen, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied,

and judgment granted to defendant declaring that SUM coverage under its policy number 11015722-01 does not extend to the injuries sustained by Murray Cohen while operating his motorcycle.

Plaintiff Murray Cohen is the owner of a 1975 Honda motorcycle insured by nonparty Progressive Insurance Company. Plaintiff Rochelle Cohen is the owner of a 1994 Lexus insured by defendant Chubb under policy number 11015722-01, effective May 9, 1997. The motorcycle is not listed as an insured vehicle under the Chubb policy.

In December 1997, Murray Cohen was injured in a collision with a yellow cab in New York City. His personal injury action against the cab company was settled for $25,000, the policy limit. He then submitted a claim under his wife's policy for his damages in excess of this amount to the limit of the supplemental underinsured motorist endorsement ($300,000). Apparently, the Progressive policy provided no underinsured motorist coverage.

Defendant Chubb denied coverage on the ground that the motorcycle was not a vehicle covered by its policy. While Murray Cohen, as the spouse of the named insured, is a person "insured" by the policy, it further provides that "SUM protection does not apply * * * to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM protection by the policy under which a claim is made."

Plaintiffs, however, argue that the term "motor vehicle" is at best ambiguous. They note that while the personal injury protection provision contains mutually exclusive definitions of "motor vehicle" and "motorcycle," the term is not defined in that part of the Chubb policy dealing with SUM. Therefore, they contend, SUM coverage for injuries "incurred while occupying a motor vehicle" should be read to include any injuries sustained while occupying a motorcycle (see, Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 587 [term "motor vehicle" encompasses "motorcycle"]). They further argue that any ambiguity should be resolved against the insurer as the party that drafted the policy.

The use of the same term to mean more than one thing in the same insurance policy invites confusion, especially where the alternate usage is unaccompanied by an explicit definition. However, the SUM provision contained in the Chubb policy states, at the outset, that "statutory wording is used in lieu of simplified wording," and the conditions under which SUM coverage is provided clearly indicate that the general provi-

sions of the policy are inapplicable (with certain exceptions not pertinent to the facts of this case).

Reading the policy as a whole, it is clear that plaintiffs can entertain no reasonable expectation of receiving coverage for which they have not paid. Defendant insurer's contention that the SUM policy exists separately and apart from the policy to which it is annexed is consistent with the construction accorded to coverage the insurer is obliged to offer (*Matter of Knickerbocker Ins. Co. [Faison]*, 22 NY2d 554, 558, cert denied 393 US 1055 [construing former Insurance Law § 167, now § 3420]). As the Appellate Division, Second Department noted in *Matter of Eveready Ins. Co. v Asante* (153 AD2d 890, 891), "since the 'liability', 'no-fault', and 'uninsured motorist' portions of a comprehensive automobile insurance policy are discrete and internally complete * * * arbitration of a claim for 'no-fault' benefits is not dispositive of whether there is liability or uninsured motorist coverage" (citations omitted).

Finally, "supplementary uninsured/underinsured motorists insurance for bodily injury" is available "at the option of the insured" (Insurance Law § 3420 [f] [2] [A]) and is afforded "in an amount up to the bodily injury liability insurance limits of *coverage provided under such policy*" up to the statutory limit (*id.* [emphasis added]). As the personal injury portion of the policy expressly excludes from its ambit injury to "any person while occupying a motorcycle," there is no coverage to be supplemented by the statutory SUM provision. Concur—Rosenberger, J. P., Andrias, Rubin, Buckley and Marlow, JJ.