KATAN GROUP, LLC, Individually and Derivatively as a Member of REFINERY MANAGEMENT LLC, Appellant, v CPC RESOURCES, INC., et al., Respondents, et al., Defendants. [8 NYS3d 64]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 17, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of CPC Resources, Inc. (CPCR), CPCR Opportunity Fund II, LLC, The Refinery LLC (Refinery), Rafael Cestero, Susan Pollack, Michael Lappin, and Refinery Management LLC to dismiss the claims against them in the verified amended complaint pursuant to CPLR 3211, unanimously affirmed, without costs.

Both this action and *Katan Group, LLC v CPC Resources, Inc.*, index No. 13071-12 (the third action), arise from the same transaction—the sale of certain property formerly owned by Refinery to defendant New DS Acquisitions LLC, an affiliate of defendant Two Trees Management Co. LLC. The third action was dismissed, and we affirmed (*see* 110 AD3d 462, 462-464 [1st Dept 2013]). Thus, the instant action is barred by res judicata (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]). Having chosen to concentrate on a particular issue arising out of the Two Trees transaction in the third action, plaintiff "must accept the consequences of its . . . litigation strategy" (*Schwartzreich v E.P.C. Carting Co.*, 246 AD2d 439, 441 [1st Dept 1998]).

Contrary to plaintiff's contention, it could have brought—and, indeed, did bring—a breach of contract claim after CPCR caused Refinery to sign an agreement to sell the property; plaintiff did not have to wait for the closing (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]). Similarly, plaintiff brought a breach of fiduciary duty claim in the third action based on the Two Trees transaction before the closing.

Plaintiff's reliance on *Xiao Yang Chen v Fischer* (6 NY3d 94 [2005]) is misplaced. The special considerations underlying *Xiao Yang Chen* do not apply to an action which "seeks money damages arising only in connection with a commercial transaction" (*UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d 469, 475 [1st Dept 2011]). Plaintiff's reliance on *Jefferson Towers v Public Serv. Mut. Ins. Co.* (195 AD2d 311 [1st Dept 1993]), is similarly misplaced since it involved a declaratory judgment action, an exception to the rule of res judicata (*id.* at 313). Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ. ▪▪▪