Haart v Scaglia (2024 NY Slip Op 04812)

Haart v Scaglia

2024 NY Slip Op 04812

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 652373/22 Appeal No. 2710 Case No. 2023-01943 

[*1]Julia Haart, Plaintiff-Appellant,
v
Silvio Scaglia et al., Defendants-Respondents, Paolo Barbieri, Defendant.

Anderson Kill P.C., New York (Neil C. Schur of counsel), for appellant.
Chiesa Shahinian & Giantomasi PC, New York (Erin N. Teske of counsel), for Jeffrey Feinman and DDK & Company, LLP, respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 28, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Silvio Scaglia, Freedom Holding, Inc. (FHI), Jeffrey Feinman, and DDK & Co., LLP to dismiss the first through third and ninth causes of action of the second amended complaint pursuant to CPLR 3211, unanimously modified, on the law, without costs, to deny the motions as to the first cause of action up to June 12, 2020, the second cause of action to the extent it is based on the failure to disclose the existence of FHI's preferred stock, and the third cause of action, and otherwise affirmed, without costs.
The first and second causes of action (for fraudulent inducement and concealment, respectively) are not barred by res judicata. "The preclusive effect of [a] declaratory judgment is limited to the subject matter of the declaratory relief sought" (Jefferson Towers v Public Serv. Mut. Ins. Co., 195 AD2d 311, 313 [1st Dept 1993]). In the Delaware proceeding, plaintiff herein sought declarations that Scaglia's actions removing her as CEO of nonparty Elite World Group LLC (EWG) and as a director of EWG and FHI were void; she sought no declarations as to whether he committed fraud.
Nor are the first and second causes of action barred by collateral estoppel. Defendants failed to meet their "burden of demonstrating the identity of the issues" in the Delaware proceeding and the instant action (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985]). The Delaware court found that plaintiff "failed to carry her burden to show that Scaglia . . . made an actionable promise to" transfer half of FHI's preferred shares to her (Haart v Scaglia, 2022 Del Ch LEXIS 188, *38, 2022 WL 3108806, *16 [Aug. 4, 2022, C.A. No. 2022-0145-MTZ], affd 295 A3d 1099 [Del 2023]). However, the court's finding was not made in the context of evaluating a fraud claim, because fraud was not at issue in the Delaware action (see e.g. Weiss v Manfredi, 83 NY2d 974, 976-977 [1994]). Furthermore, a promise is not an element of fraudulent concealment (see Mitschele v Schultz, 36 AD3d 249, 254-255 [1st Dept 2006]); thus, it is not "the point actually to be determined" here (Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]).
Under certain circumstances, a promise made without the intent to perform can support a claim for fraudulent misrepresentation (see Braddock v Braddock, 60 AD3d 84, 89 [1st Dept 2009]). Here, when plaintiff agreed to become EWG's CEO, Scaglia's promise to give her 50% of FHI was a promise about the future. However, plaintiff does not merely allege that she was induced to become CEO; she also alleges that she was induced to remain CEO without a salary or a contract for a fixed term because Scaglia, Feinman, and DDK kept reassuring her that she owned 50% of FHI — which, at that point, would be a misrepresentation of an existing fact.
The first cause of action should be reinstated as [*2]against Scaglia, who has not opposed this appeal, up to June 12, 2020. As a matter of law, it was not unreasonable for plaintiff to rely on his statements that he was giving her 50% of FHI and that she owned 50% of it — he was her fiancÉ, and then her husband, when he said this. As such, they were family members who stood in "a fiduciary relationship toward one another in a co-owned business venture," making plaintiff's reliance on Scaglia's assurances "all the more reasonable" (Braddock, 60 AD3d at 88, 94).
Plaintiff discovered the existence of FHI's preferred shares in April 2020. At that point, she knew that she did not own 50% of FHI; nevertheless, she continued to serve as EWG's CEO without a regular contract or salary. Since Scaglia promised to give her 50% of FHI's preferred shares, it may have been reasonable for her to continue working as EWG's CEO. On June 12, 2020, however, she executed a stock power which shows, on its face, that she was not getting 50% of the preferred shares. Because plaintiff continued serving as EWG's CEO even after she knew that she was not a 50% owner of FHI, Scaglia's misrepresentation that she owned 50% of FHI could not have induced her to continue serving as CEO after June 12, 2020 (see Friedman v Anderson, 23 AD3d 163, 167 [1st Dept 2005]). Plaintiff's claim that there is no evidence that she received a copy of the stock power in June 2020 is unavailing. Her own affidavit provides "Feinman witnessed the execution of the Stock Power by Scaglia and me. . . on June 12, 2020."
The first cause of action should also be reinstated as against Feinman and DDK (the Feinman defendants) up to June 12, 2020. It cannot be said, as a matter of law, that it was unreasonable for plaintiff to rely on the Feinman defendants' statements about FHI, as they were its accountants. In addition, Feinman was plaintiff's accountant before he was FHI's, and she considered him a friend and trusted advisor. While the Feinman defendants could not have induced plaintiff to accept the position of EWG's CEO because they had no power to promise to give her 50% of FHI, plaintiff alleges that she was induced to continue being CEO because the Feinman defendants kept reassuring her that she owned 50% of FHI. Further, she alleges, "for each tax year following [her] receipt of the [common] shares, Feinman prepared . . . tax returns identifying [plaintiff] and [Scaglia] as equal owners of FHI, with equal 'total voting power.'"
The second cause of action should be reinstated insofar as it is based on the concealment of the existence of FHI preferred stock. However, neither Scaglia nor the Feinman defendants "concealed" that plaintiff got less than 50% of the preferred shares because the stock power showed this on its face.
Scaglia had a duty to disclose the existence of the preferred stock because he had a confidential or fiduciary relationship with plaintiff (see American Baptist Churches of Metro. N.Y. v Galloway, 271 AD2d 92, 100 [1st Dept 2000[*3]]; see also East 15360 Corp. v Provident Loan Socy. of N.Y., 177 AD2d 280, 281 [1st Dept 1991]), and his superior knowledge of the existence of the preferred stock rendered plaintiff's agreement to become EWG's CEO without a regular salary or contract "inherently unfair" (P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 378 [1st Dept 2003] [internal quotation marks omitted]). While the Feinman defendants did not have a duty to disclose based on a fiduciary relationship (see Friedman, 23 AD3d at 166), they arguably had a duty to disclose based on the "special facts" doctrine (see e.g. P.T. Bank, 301 AD2d at 378). It could be said that it was inherently unfair for plaintiff to work as EWG's CEO on the assumption that she owned 50% of FHI when she owned only 50 common shares and FHI also had 123,665 preferred shares.
The third cause of action, against the Feinman defendants for aiding and abetting Scaglia's fraud, should be reinstated (see McBride v KPMG Intl., 135 AD3d 576, 579 [1st Dept 2016]). Where a document prepared by the alleged aider and abetter (here, tax returns) is important to the underlying fraud, it constitutes substantial assistance (see William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 504, 506 [1st Dept 2018]; Oster v Kirshner, 77 AD3d 51, 56-57 [1st Dept 2010]).
The ninth cause of action against Scaglia for unjust enrichment was properly dismissed, as the claim is duplicative of plaintiff's fraud-based claims against Scaglia (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]).
The court did not improvidently exercise its discretion by sub silentio denying plaintiff's request to further amend her second amended complaint (see McBride, 135 AD3d at 580-581).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024