PETER F. LYNCH, Plaintiff, *v.* GEORGE D. BAILEY et al., Doing Business under the Name of TOUCHE, NIVEN, BAILEY & SMART, Defendants.

Supreme Court, Special Term, New York County, June 29, 1950.

*Eustace Seligman, Howard T. Milman* and *William F. Voelker* for defendants.

*A. V. Cherbonnier, Mahlon Dickerson, Helen F. Touhy* and *William B. McKeown* for plaintiff.

GREENBERG, J. In this action the plaintiff sues to recover $200,000 damages claimed to be the result of his forced withdrawal as a partner from the defendant's firm, engaged in the practice of public accountancy on a wide scale, and the intransigent attitude taken by the defendants in insisting on strict compliance with a restrictive covenant of the partnership agreement to which both the plaintiff and the defendants were parties. In a prior suit for a declaratory judgment brought by the plaintiff, the restrictive covenant was held invalid as to the plaintiff, against public policy and void for lack of mutuality and consideration, and the defendants were enjoined from interfering with the plaintiff's pursuit of his profession of public accountancy anywhere, notwithstanding his withdrawal from the firm. The facts out of which the controversy arose are stated fully in reported opinions in the earlier action and, therefore, need not be set forth again here (*Lynch* v. *Bailey,* 194 Misc. 280, revd. 275 App. Div. 527, affd. 300 N. Y. 615).

Having thus established his rights, the plaintiff has brought this second action for damages. The defendants now move to dismiss pursuant to rule 107 of the Rules of Civil Practice on the ground of an existing final judgment determining the same cause of action on the merits. The defendants urge that the plaintiff in the prior action might also have recovered damages as an incident of the injunctive relief there awarded him and that the institution of this action constitutes a forbidden splitting of causes of action. The rule against splitting causes of action is aimed to avoid a multiplicity of suits and rests on sound policy.

Though the plaintiff in his first action might have recovered the damages sought in this action, the right to damages does not

appear to be so inseparable from the right to equitable relief that failure to demand damages when the plaintiff secured the injunction now bars his claim. In *Walsh* v. *Judge* (223 App. Div. 423), it was held that a judgment reinstating the plaintiff to membership in a union was not a bar to a second action against the officers for damages caused by the wrongful expulsion. Though the plea of *res judicata* failed because the parties in the two actions were not the same, the court also said that the claim for damages was distinct from that for reinstatement. The analogy between the situation in *Walsh* v. *Judge* (*supra*) and that in this case is evident.

I think added reason for holding that the plaintiff has not improperly split causes of action lies in the fact that his prior action was one for a declaratory judgment. In such an action there is a wide discretion whether to entertain the action at all and then whether, besides declaring the jural rights, to give relief or to relegate the parties to an ordinary action. In the circumstances, I am of the opinion that, in the absence of binding authority, the judgment in the first action should not bar the present suit. Accordingly, the motion under rule 107 is denied.

The defendants also move to dismiss pursuant to rule 106 on the ground that the complaint does not state a cause of action. In my judgment this motion must be granted. The complaint contains no allegation of fact that the defendants did anything tortious. It is not alleged that the plaintiff was wrongfully excluded from the firm or that the defendants' request or order that the plaintiff move to Hartford and take charge of their office in that city was a breach of the partnership agreement. I do not read the conclusion of law in the first suit that the plaintiff's withdrawal from the firm was not " strictly voluntary in the sense in which the phrase " is used in the partnership agreement, as an adjudication of his wrongful exclusion. The complaint merely charges the defendants with asserting their rights under the restrictive clause and with insisting on observance of its terms by the plaintiff. Their position in that regard has been declared untenable. But the defendants certainly incurred no liability to the plaintiff merely because the restrictive covenant they wished him to observe has been pronounced unreasonable and void. Scrutiny of the complaint reveals no factual statement of any wrongful act done by the defendants or of any improper purpose underlying their conduct. Such being the case, the plaintiff's complaint comes to no more than the assertion that steadfast adherence to what one in good faith believes to be one's legal rights gives rise to a cause of action merely

because later adjudication proves the belief to have been ill-founded. Litigation has not yet been made so hazardous. Accordingly, the motion to dismiss the complaint for insufficiency is granted, with leave to serve an amended complaint within twenty days after service of a copy of the order hereon with notice of entry.

The foregoing disposition renders unnecessary consideration of the alternative motion to make the complaint more definite and certain. Settle order.