07-2673-cv
Giannone v. York Tape & Label, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: November 5, 2008)                    Decided: December 2, 2008)

Docket No. 07-2673-cv

NEIL J. GIANNONE,

        *Plaintiff-Appellant*,

        v.

YORK TAPE & LABEL, INC.,

        *Defendant-Appellee.*

Before: CABRANES and HALL, *Circuit Judges*, and GLEESON, *District Judge*.[*]

Plaintiff-appellant Neil J. Giannone appeals from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*) dismissing his complaint against York Tape & Label, Inc., his former employer, on the basis of res judicata. We agree with the District Court that res judicata bars this action because (1) Giannone cannot avail himself of the "declaratory judgment exception" to the doctrine of res judicata because he sought—and obtained—equitable as well as declaratory relief in a prior state action, and (2) Giannone could have raised the claims pressed in this litigation in his prior state action.

Affirmed.

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

1

JOHN G. POLI, Northport, NY, *for Plaintiff-Appellant Neil J. Giannone.*

WILLIAM J. SHIN, Benesch, Friedlander, Copkan & Aronoff, LLP, Cleveland, OH, and Thomas M. Lancia, New York, NY, *on the brief, for Defendant-Appellee York Tape & Label, Inc.*

PER CURIAM:

Plaintiff-appellant Neil J. Giannone appeals from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*) dismissing his complaint against York Tape & Label, Inc., his former employer, on the basis of res judicata. *See Giannone v. York Tape & Label, Inc.*, No. 06-CV-6575, 2007 U.S. Dist. LEXIS 37572 (E.D.N.Y. May 23, 2007).

In 2004, Giannone filed a complaint (the "State Action") in New York Supreme Court, Suffolk County, against York Tape & Label in order to have a non-competition covenant declared unenforceable under Pennsylvania law, and to obtain an injunction barring the enforcement of that covenant. The state court granted summary judgment in favor of Giannone on September 21, 2005, and it awarded him declaratory and injunctive relief. One year later, Giannone filed another suit against York Tape & Label in state court, alleging the same facts as in the earlier action, but pressing claims under New York State law and seeking damages. York Tape & Label removed the second action to federal court on the basis of diversity, and the District Court dismissed that action because "[having] sought an injunction in addition to declaratory relief in the first action, plaintiff is barred in this second lawsuit from seeking further coercive relief, such as damages, by the doctrine of *res judicata*." *Giannone*, 2007 U.S. Dist. LEXIS 37572, at *18.

On appeal, Giannone contends that the State Action does not bar the instant litigation because of (1) the exception to res judicata for declaratory judgment actions and (2) the different claims pressed in this suit. Neither of these grounds defeat the application of res judicata to the instant action.

2

When "determin[ing] the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000). Under New York law, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks omitted). An exception to this rule exists where "the prior action involved only a request for declaratory relief." *Harborside Refrigerated Servs. Inc. v. Vogel*, 959 F.2d 368, 372 (2d Cir. 1992); *see also id.* at 373 (holding the same). In such cases, "the preclusive effect of the declaratory judgment is limited to the subject matter of the declaratory relief sought[,] [and] [t]he plaintiff or defendant may continue to pursue further declaratory or coercive relief." *Id.* at 372.

Arguing that the declaratory judgment exception to res judicata applies to this action, Giannone understandably relies on *Lynch v. Bailey*, 304 N.Y. 669 (1952) ("*Lynch IV*"), which at first blush appears to support his position. However, a careful reading of that case in light of later decisions of the New York Court of Appeals and other New York State courts convinces us that *Lynch IV* is no longer followed.

In *Lynch IV*, the New York Court of Appeals decided that it was not error to strike the defendant's res judicata defense, but it did not explain the basis for its ruling. The lower court opinions it affirmed set forth two reasons. First, the trial court held that "the right to damages does not appear to be so inseparable from the right to equitable relief that [the] failure to demand damages when the plaintiff secured the injunction now bars his claim." *Lynch v. Bailey*, 99 N.Y.S.2d 585, 587 (Sup. Ct. N.Y. County 1950) ("*Lynch II*"). Second, both the trial court and the Appellate Division, the intermediate appellate court, relied on the fact that judges have broad discretion to refuse even to consider claims for declaratory relief—and Lynch's first case sought declaratory relief as well as an

3

injunction. *See id.*; *Lynch v. Bailey*, 108 N.Y.S.2d 134, 135 (1st Dep't 1951) ("*Lynch III*"); *Lynch v. Bailey*, 86 N.Y.S.2d 783, 785 (Sup. Ct. N.Y. County 1949) ("*Lynch I*") (clarifying that plaintiff sought declaratory and equitable relief in his original complaint). As both of the lower courts pointed out, judges from whom declaratory relief is requested are free to "relegate the parties to an independent action" for other forms of relief. *Lynch III*, 108 N.Y.S.2d at 135; *see also Lynch II*, 99 N.Y.S.2d at 587. According to these decisions, because courts have such wide discretion to deny relief in declaratory judgment actions, those actions cannot have preclusive effect on future actions for damages or equitable relief. *See Lynch II*, 99 N.Y.S.2d at 587; *Lynch III*, 108 N.Y.S.2d at 135.

The first of the rationales set forth in the lower court decisions in *Lynch* was not correct. Just three years later, in *Maflo Holding Corp. v. S. J. Blume, Inc.*, the New York Court of Appeals reiterated the unequivocal rule that a party who seeks injunctive relief must also seek damages in the same action or be precluded thereafter from suing for damages. 308 N.Y. 570, 574-75 (1955) (citing *Inderlied v. Whaley*, 32 N.Y.S. 640 (4th Dep't 1895), *aff'd*, 156 N. Y. 658 (1898)); *see id.* at 575 ("[If a plaintiff seeks equitable relief, New York law] compels [that] plaintiff to seek in the equity proceeding whatever damages he may be entitled to and, if he made no demand for damages or failed to introduce proof as to damages, he is precluded from thereafter maintaining an action at law to recover damages.").

The second rationale provided by the lower courts in *Lynch* is also inescapably flawed. It can scarcely be said that Giannone could be "relegated" to an independent action seeking relief beyond a declaration of rights when he sought—and obtained—such additional relief (in the form of an injunction) in the first case. Had the state court denied Giannone's request for equitable relief as a matter of discretion—and thereby not ruled on its merits—the decision of the state court might not have preclusive effect on a subsequent action. But that is not the case here. Because Giannone sought equitable relief against York Tape & Label and obtained that relief through a "judgment on the merits,"

4

he is subject to the holding of *Maflo* and precluded from seeking damages here. *See Maflo*, 308 N.Y. at 575; *see also Gross v. Tannen*, 675 N.Y.S.2d 49, 49 (1st Dep't 1998) ("Nothing prevented plaintiff from joining his claims for damages against these defendants with his claim for equitable relief against them in the prior action. Accordingly, the order in the prior action . . . constitutes res judicata barring the instant action seeking different relief based on the same transaction or series of transactions." (citations omitted)).

The foregoing is consistent with the declaratory judgment exception to ordinary res judicata principles set forth in the Restatement (Second) of Judgments, which New York recognizes. *See Harborside Refrigerated Servs.*, 959 F.2d at 373 ("[B]oth federal and New York State law recognize the declaratory judgment exception articulated in the Restatement."). Section 33 of the Restatement of Judgments limits the preclusive effect of a declaratory judgment action to the "matters declared" and to any issues "actually litigated . . . and determined," but the commentary makes clear that the limit applies "[w]hen a plaintiff seeks solely declaratory relief." Restatement (Second) of Judgments § 33 & cmt. c (1982). Because Giannone's State Action sought injunctive relief as well as a declaratory judgment, he may not avail himself of the "declaratory judgment exception" to the doctrine of res judicata.

Giannone also argues that because he did not "plead any tortious conduct on the part of the defendant, and never sought or obtained monetary relief in [the State Action], the *res judicata* doctrine should not [constitute] a bar to [the instant action]." Appellant's Br. 15. "Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *In re Derek Josey*, 9 N.Y.3d 386, 389-90 (2007) (internal quotation marks omitted). The torts pressed in the District Court arise from the same non-competition agreement at issue in the State Action, and Giannone has identified no barrier—nor are we aware of

5

any—that would have prevented him from litigating these claims in the State Action. Because these state torts "could have been raised and decided in [the] previous suit," *Jefferson Towers, Inc. v. Pub. Serv. Mut. Ins. Co.*, 600 N.Y.S.2d 41, 43 (1st Dep't 1993), the doctrine of res judicata bars Giannone from litigating them now.

Accordingly, we agree with the District Court's determination that the doctrine of res judicata bars this action because (1) Giannone, having sought—and obtained—equitable as well as declaratory relief in a prior state action, cannot avail himself of the "declaratory judgment exception" to the doctrine of res judicata, and (2) Giannone could have raised the claims pressed in this litigation in the prior state action. The judgment of the District Court is **AFFIRMED.**

6