08-5239-cv
Barnes v. Royal Health Care LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  DEBRA ANN LIVINGSTON,
      <u>Circuit Judge</u>,
  JED S. RAKOFF,[*]
      <u>District Judge</u>.

_____
- - - - - - - - - - - - - - - - - - - -X

Wayne C. Barnes,

   <u>Plaintiff-Appellant</u>,

  v.         08-5239-cv

Royal Health Care LLC,

---

[*] Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

**Defendant-Appellee**.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:       Wayne C. Barnes, Pro Se, Brooklyn, NY.

FOR APPELLEES:       Glen H. Parker, Hoey, King, Toker & Epstein, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, J.)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff, Wayne C. Barnes, pro se, appeals from an order of the district court granting summary judgment for Royal Health Care LLC ("Royal Health"). Barnes asserted claims alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., as well as a violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. We assume the parties' familiarity with the underlying facts, the procedural history of the

case, and the issues on appeal.  We review summary judgment decisions de novo.  Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005).

The district court determined that Barnes's claims were precluded by the doctrine of res judicata.  We find no error in that determination.  "To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state."  Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000).  "Under New York law, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008) (per curiam) (internal quotation marks omitted).  "'Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'"  Id. at 194 (quoting In re Derek Josey, 9 N.Y.3d 386, 389-90 (N.Y.

-3-

2007)) (alterations in original).

In a previous action in New York state court, Barnes asserted tort claims arising from his employment and subsequent termination by Royal Health. The state court granted summary judgment for Royal Health. Barnes did not assert in that action the federal claims he now asserts in federal court, though he could have. See Woodford v. Cmty. Action Agency of Greene County, Inc., 239 F.3d 517, 525 (2d Cir. 2001) (noting that state and federal courts have concurrent jurisdiction over Title VII and ADEA claims). Because those federal claims also arise from his employment and subsequent termination by Royal Health, he is therefore now precluded entirely from pursuing them in this action. See Giannone, 548 F.3d at 193.

Barnes attempts to avoid this result by arguing that his federal employment discrimination claims were unexhausted at the time he commenced his state court action, and that he therefore could not have asserted them in that action. However, he could have either (1) commenced his state court action and then stayed the proceedings pending

the outcome of his Title VII EEOC charge; or (2) amended his state court complaint to include his Title VII claim once he received a right-to-sue letter from the EEOC.  See Woods v. Dunlop Tire Corp., 972 F.2d 36, 39-41 (2d Cir. 1992).

    We have considered all of Barnes's remaining arguments, and determine that they are without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____