**TRAVELERS INSURANCE COMPANY, Petitioner,**

v.

**ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S., Respondent.**

**No. 09 Civ. 7708(VM).**

United States District Court, S.D. New York.

Feb. 4, 2010.

Crystal Gail Moroney, Edward C. Radzik, McDermott & Radzik, LLP, New York, NY, for Petitioner.

Jeffrey Craig Dannenberg, Kestenbaum, Dannenberg & Klein, LLP, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Travelers Insurance Company ("Travelers") brought this action pursuant to the United States Arbitration Act, 9 U.S.C. § 4, seeking an order to compel respondent Icdas Celik Enerji Tersane Ve Ulasim Sanayi A.S. ("Icdas") to arbitrate, before the Society of Maritime Arbitrators, a dispute arising out of a Charter Party Agreement (the "Charter Agreement") which Travelers alleges applies to this matter. Icdas moved to dismiss the petition, asserting, among other grounds, lack of subject matter jurisdiction because the dispute is not arbitrable. Alternatively, Icdas requested a stay of this proceeding pending a decision by the New York State Supreme Court, New York County, in a related action brought by Icdas against Travelers.

In the state court litigation, Icdas sought to stay a petition for arbitration filed by Travelers against Icdas before the American Arbitration Association involving

Travelers' demand for indemnification and/or contribution in dispute that arose under a scrap metal purchase agreement (the "Scrap Purchase Agreement"). Pursuant to that agreement Icdas purchased scrap metal from an entity known as U.S. Ferrous Trading Division, Tube City IMS ("Tube City") for delivery to Turkey. In turn, Tube City purchased the scrap metal from Fairless Iron and Steel LLC ("Fairless"), the assignee of Tube City's rights and claims under the Scrap Purchase Agreement, and subrogor of Travelers in this action. Under the Scrap Purchase Agreement, Tube City undertook to obtain a vessel and enter into a charter agreement to deliver the shipment. Following the assignment, Fairless, rather than Tube City, arranged for the chartering of the vessel.

Upon arrival of the scrap metal in Turkey, a dispute arose as to its quantity or condition. An entity known as Sangamon Transport Group ("Sangamon"), pursuant to the Charter Agreement with Fairless, operated the vessel which transported the scrap metal to Turkey. Following an action brought by Icdas in Turkey against the owner of the vessel seeking damages for the deficient cargo, Sangamon commenced an arbitration proceeding against Fairless in New York ("the Sangamon Arbitration") under the Charter Agreement. In that action, Sangamon demanded recovery from Fairless for any liability Sangamon incurs by reason of the damaged shipment.

In view of the state court litigation involving the same parties and related issues, by Order dated September 23, 2009 the Court stayed further action in this forum pending a determination in the parallel state case.

By letter to the Court dated January 12, 2010, which enclosed a copy of the decision by State Supreme Court Justice Marylin G. Diamond in *Icdas Celik Enerji Tersane Ve Ulasim Sanayi A.S. v. Travelers Ins. Co.*, Index No. 60221/09 (N.Y.Sup.Ct. Dec. 4, 2009), Icdas requested dismissal of the instant action. Icdas contends that Justice Diamond's decision, which found that under the Scrap Purchase Agreement the parties' underlying dispute was not arbitrable, is also dispositive of this litigation.

During a telephone conference the Court scheduled in response to Icdas's request, the Court invited the parties to submit letter briefs setting forth their views concerning whether or not Justice Diamond's ruling addressed and resolved the parties' dispute in this action. By letter dated January 20, 2010, Travelers contends that Justice Diamond's determination that the parties' dispute was not arbitrable under the Scrap Purchase Agreement cannot be construed as resolving an issue regarding arbitration under the separate Charter Agreement, and that any language in that decision suggesting otherwise is dictum. Icdas responded by letter dated January 22, 2010. Icdas disagrees, contending that Travelers itself brought before Justice Diamond the issue of Icdas's obligation to arbitrate under the Charter Agreement by asserting that the Scrap Purchase Agreement incorporated by reference and encompassed the Charter Agreement, and that Justice Diamond considered that argument and found it without merit.

Upon consideration of the parties' letter briefs on this matter and review of Justice Diamond's ruling in the related state court litigation, the Court agrees with Icdas that in the state court action the parties sufficiently litigated the issue Travelers raises here, and that Justice Diamond's decision considered and rejected Travelers's contention.

Justice Diamond's opinion clearly indicates that in fact the matter at issue here

was argued in the state court action and addressed and resolved by that decision. Justice Diamond notes that Travelers argued that the Scrap Purchase Agreement referenced and encompassed the Charter Agreement, and that any relevant dispute regarding Icdas's obligation to arbitrate with Travelers fell within the broad arbitration clause of the Scrap Purchase Agreement. Justice Diamond found no merit in that argument. *See id.* at 2. She concluded that the dispute which Travelers/Fairless raised in that proceeding did not arise under the Scrap Purchase Agreement between Icdas and Tube City, but arguably under the Charter Agreement between Sangamon and Fairless, to which Icdas was not a party.

The state court also considered the argument that the Bill of Lading issued in connection with the scrap metal cargo incorporated the terms and conditions of the Charter Agreement, including its broad arbitration clause, and that Icdas was therefore obligated to arbitrate with Travelers. Justice Diamond, while noting that the argument was improperly raised by Travelers and addressing the issue because Icdas had responded to it, rejected Travelers's position on this point as meritless also. First, Justice Diamond found that the rights and claims Fairless acquired from Tube City pertained solely to the Scrap Purchase Agreement, and not to any other documents, "including the Bill of Lading and [Charter Agreement] between Sangamon and Fairless." *Id.* at 3. Second, of particular bearing here, Justice Diamond stated that "the arbitration clause in the [Charter Agreement] on which [Travelers] relies in its incorporation argument only refers to disputes between Sangamon and Fairless . . . ." *Id.*

In essence, Justice Diamond held that Travelers/Fairless could not compel Icdas to arbitrate with Travelers pursuant to the Scrap Metal Agreement which was entered into between Icdas and Tube City and to which Fairless was not a party. Nor could Travelers/Fairless invoke the arbitration clause in the Charter Agreement through incorporation by reference to obligate Icdas to arbitrate the same matter because that agreement pertained only to disputes between Sangamon and Fairless, and Icdas was not a party to it.

Moreover, this Court notes that even if Travelers did not expressly raise and adequately litigate in the state action the question as to whether Icdas was obligated to arbitrate with Travelers under the Charter Agreement irrespective of the arbitration clause of the Scrap Metal Agreement, the issue is one that could have been litigated in that proceeding.

If Travelers disagrees that Justice Diamond's ruling could be construed to hold that it determined the issue Travelers brought before this Court, the more appropriate course would be for Travelers to seek clarification or reconsideration of that question from Justice Diamond under appropriate state court procedures, or to appeal her judgment to the state appellate courts. Relitigating the matter in this Court not only would not serve judicial economy, it would contravene the doctrine of res judicata, and would be tantamount to seeking direct review by a federal court of a state court judgment. *See Giannone v. York Tape & Label, Inc.,* 548 F.3d 191, 193 (2d Cir.2008) ("Under New York law, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")

Nonetheless, to enable Travelers to pursue any recourse it may have in the state court litigation that may further inform the appropriateness of the instant action, the Court will dismiss this action without prejudice. In the event Travelers obtains

a ruling from Justice Diamond or a state appellate court holding that the decision in the state court action did not encompass the issue Travelers raises here, Travelers may seek leave to reopen this case.

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 13) of respondent Icdas Celik Enerji Tersane Ve Ulasim Sanayi A.S. herein to dismiss the petition of Travelers Insurance Company is GRANTED without prejudice.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**