11-1962-cv
De Masi v. Country Wide Home Loans

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

PRESENT:

>  AMALYA L. KEARSE,
>  SUSAN L. CARNEY,
>  J. CLIFFORD WALLACE,[*]
>  *Circuit Judges.*

―――――――――――――――――――――――――

Patricia A. De Masi,

>  *Plaintiff-Appellant*,

v.                                                                                    No. 11-1962-cv

Country Wide Home Loans, Angelo R. Mozilo, Jill E. Wosnak, David Sambol, Stanford L. Kurland, Bank of America, Brian T. Moynihan,

>  *Defendants-Appellees*.[**]

―――――――――――――――――――――――――

―――――――――――――――――――――――――

[*]The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of Court is respectfully directed to amend the case caption to read as shown above.

**FOR PLAINTIFF-APPELLANT:**     Patricia A. De Masi, *pro se*, Hopewell Junction, NY.

**FOR DEFENDANTS-APPELLEES:**     Steven R. Rand, Tracee E. Davis, Zeichner Ellman & Krause LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Motz,[*] *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Patricia A. De Masi ("De Masi"), *pro se*, appeals from the district court's judgment dismissing her action on *res judicata* grounds.[1] We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment *de novo*, affirming only when we "conclude, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [her] favor, that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Furthermore, because De Masi appears *pro se*, we consider her claims with "special solicitude," interpreting

---

[*] The Honorable J. Frederick Motz, of the United States District Court for the District of Maryland, sitting by designation.

[1] Because the district court considered matters outside of the pleadings, the motion to dismiss was effectively converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). The record shows that appellees gave De Masi "unequivocal notice of the meaning and consequences of conversion to summary judgment," *Hernández v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (quotation marks omitted). *See* Notice to Pro Se Litigant Who Opposes A Motion For Summary Judgment dated March 21, 2011, District Court Dkt. Entry No. 14.

them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*per curiam*) (quotation marks omitted).

"Under New York law, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 193 (2d Cir. 2008) (*per curiam*) (quotation marks omitted). "When determining the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." *Id.* at 192-93 (quotation marks and alterations omitted). Thus, in this case we apply the law of New York, where the De Masis' claims were first filed and adjudicated. New York law takes a "transactional approach" to *res judicata*, which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* at 194 (quotation marks omitted).

Our independent review of the record and relevant case law leads us to conclude that the district court properly dismissed De Masi's action on the ground of *res judicata*. Construing all of the facts in the light most favorable to De Masi, the district court correctly determined that she was precluded from relitigating her claims in federal court because the New York Supreme Court had previously entered final judgment in three cases arising out of the same set of operative facts, namely, the events leading up to and following the attempted (but unsuccessful) foreclosure on the De Masi home.

De Masi asserts that this case is distinguishable from the prior cases and should not be precluded by them because two of the prior actions were filed not by her, but by her husband, Douglas De Masi. This distinction is meaningless for purposes of *res judicata*. Under New

3

York law, *res judicata* applies not only to a party of record in a prior action, but also to "those who are successors to a property interest, those who control an action although not formal parties to it, *those whose interests are represented by a party to the action*, and possibly coparties to a prior action." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (N.Y. 1970) (emphasis added) (citation omitted). It is clear from the record that Patricia De Masi was a coparty to the underlying foreclosure action, that her interest in the prior actions filed by Douglas De Masi was identical to his interest in attempting to prove that the De Masis had not made any late mortgage payments, and that Douglas De Masi represented Patricia De Masi's interests in those prior actions. Accordingly, *res judicata* applies and bars her attempt to renew the prosecution of these claims.

We have considered appellant's other arguments on appeal and have found them to be without merit. We deny appellees' motion for sanctions pursuant to Federal Rule of Appellate Procedure 38, but we remind De Masi of the district court's admonition "that the filing of any further actions based upon the same allegations may result in the imposition of sanctions."

Accordingly, the judgment of the district court is hereby **AFFIRMED**. It is further **ORDERED** that appellees' motion for sanctions is **DENIED**, but their motion to strike certain documents annexed to appellant's brief is **GRANTED** on the ground that documents that are not part of the record in the district court are not properly before this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4