10-4245
*Malcolm v. Honeoye Falls - Lima Central School District*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of October, two thousand fifteen.

PRESENT: ROBERT D. SACK,
                RICHARD C. WESLEY,
                DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

————————————————————

BERNICE MALCOLM,

           *Plaintiff-Appellant,*

     -v.-                                            10-4245

HONEOYE FALLS - LIMA CENTRAL SCHOOL DISTRICT, KATHY WALLING

           *Defendants-Appellees.*

————————————————————

**FOR PLAINTIFF-APPELLANT:**     BERNICE MALCOLM, *pro se*, West
                                            Henrietta, NY.

**FOR DEFENDANTS-APPELLEES:**   JEREMY A. COLBY (Michael P. McClaren, *on the brief*), Webster Szanyi LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bernice Malcolm, proceeding *pro se*, appeals the district court's judgment dismissing her complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

By order filed in February 2014, we dismissed Malcolm's appeal in part, concluding that her claims concerning Appellees' conduct prior to December 2008 were precluded by a 2010 state court judgment or were otherwise frivolous. We

also instructed Malcolm to identify, in a supplemental brief, any post-December 2008 instances of disparagement that were not precluded by the state court judgment. Specifically, we requested that Malcolm identify disparaging comments (1) that are not precluded by res judicata or collateral estoppel, and (2) that state a cognizable claim. Malcolm has not done so.

It is axiomatic "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). We apply New York law to determine the preclusive effect of a New York state court judgment. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). "Under New York law, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 193 (2d Cir. 2008) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)). Under New York's transactional approach, "once a claim is brought to a final conclusion, all other claims arising out of the

same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* at 194 (quoting *In re Derek Josey*, 9 N.Y.3d 386, 389–90 (2007)).

Malcolm identifies seven allegedly disparaging comments that were purportedly made after December 2008. However, Comments 1 through 4 are the only comments that are attributed to an approximate post-December 2008 date. Those comments all were allegedly made by the defendants to the New York Department of Labor ("NYDOL") or NYDOL representative in an apparent attempt to bar Malcolm from obtaining unemployment benefits. Malcolm's proffered evidence primarily consists of a typed version of NYDOL notes memorializing the comments at issue. However, those typewritten notes are nearly identical to the handwritten NYDOL notes that were attached to Malcolm's opposition to the defendants' motion for summary judgment in the state court action. Malcolm also offers a January 2009 fax message from a school official to a NYDOL representative that summarized the disciplinary charges that were initiated against Malcolm before her resignation. Regardless of whether

4

this fax message itself was before the state court, it concerns the exact same series of events as the NYDOL handwritten notes: that is, the defendants' alleged attempt to block Malcolm from unemployment benefits in 2009. That claim was decided in the state court action.

Comments 5 through 7 either are not attributed to the post-December 2008 period, or are too vaguely described or dated to suggest the possibility of a cognizable claim.

We have considered all of Malcolm's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk