Corbett v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of June, two thousand twenty.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> **RICHARD J. SULLIVAN,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

**Jonathan Corbett,**

> *Plaintiff-Appellant*,

> v.                                                              **19-2152**

**City of New York, Thomas M. Prasso,**

> *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jonathan Corbett, *pro se*, Hollywood, CA. |
| **FOR DEFENDANTS-APPELLEES:** | Elina Druker, Richard Paul Dearing, Claude S. Platton, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jonathan Corbett, a licensed attorney proceeding *pro se*, appeals the district court's order denying reconsideration of its judgment dismissing Corbett's complaint without leave to amend. Corbett sued the City of New York and a city official, claiming that they violated his Second Amendment, due process, and equal protection rights when they denied his application for a "business carry" permit, which would allow him to carry a concealed firearm outside his home. He sought declaratory and injunctive relief. The district court dismissed the complaint, holding that the claims were barred by res judicata (because of a prior state-court proceeding) and, alternatively, were meritless. Corbett moved for reconsideration, seeking to amend his complaint to add a facial challenge to the constitutionality of the City's handgun license law and to add a claim for damages under 42 U.S.C. § 1983, arguing that those amendments would cure the res judicata bar but conceding that they would be futile in light of the court's alternative merits holding. In light of Corbett's concession, the district court denied the motion as futile. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

As an initial matter, although "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants" based on "[t]he rationale . . . that a *pro se* litigant generally lacks both legal training and experience," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d

2

Cir. 2010), "a lawyer representing himself ordinarily receives no such solicitude at all," *id.* at 102. Corbett is a licensed attorney and is thus not entitled to special solicitude.

We affirm the district court's order and underlying judgment because Corbett's Second Amendment and equal protection claims are barred by res judicata.[1] "We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment." *Van Buskirk v. United Grp. Of Cos.*, 935 F.3d 49, 52 (2d Cir. 2019). We review *de novo* the dismissal of a complaint as barred by res judicata, *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017), and the denial of a motion for reconsideration and leave to amend as futile, *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Under such review, we may affirm the district court "on any basis from which there is sufficient support in the record." *See Freidus v. Barclays Bank PLC*, 734 F.3d 132, 138 n.2 (2d Cir. 2013) (internal quotation marks omitted).

In determining whether res judicata applies to a New York state court judgment, this Court applies New York res judicata law. *See New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." (internal quotation marks omitted)). "Under New York law, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been

---

[1] Corbett has expressly abandoned his due process claim on appeal.

raised in that action."[2]  *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 193 (2d Cir. 2008) (internal quotation marks omitted).   Specifically, New York law bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief."  *Mountain Tobacco Co.*, 942 F.3d at 543 (internal quotation marks omitted).

The district court correctly held that Corbett's complaint was based on the same factual occurrences as the state-court proceeding; indeed, the factual allegations in the federal complaint were nearly identical to the state-court petition.   On appeal, Corbett does not challenge the district court's holding that his complaint was barred.   Instead, Corbett argues that res judicata would not bar his proposed amended complaint because he could not have raised his proposed § 1983 claim and facial challenge to the proper-cause requirement in the prior state proceeding.

Corbett is correct that an Article 78 proceeding generally does not preclude a subsequent § 1983 proceeding.  *See Davidson v. Capuano*, 792 F.2d 275, 278–80 (2d Cir. 1986); *but see Powell v. Ward*, 643 F.2d 924, 934 (2d Cir. 1981) ("A prior state proceeding, including an Article 78 proceeding, will preclude relitigation of a civil rights claim in a federal court if the state proceeding reached the federal constitutional issues involved.").   This is because the type of damages sought pursuant to § 1983 are typically not available in Article 78 proceedings, which allow only recovery of incidental damages.  *Davidson*, 792 F.2d at 278–80; *see also Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004) ("New York's claim preclusion rule does not

---

[2] Corbett has abandoned any argument that the state-court proceeding did not constitute a final judgment on the merits or did not involve the same parties.  *See Fabrikant v. French*, 691 F.3d 193, 202 n.8 (2d Cir. 2012).

4

apply because a state court entertaining an Article 78 proceeding does not have the power to award the full measure of relief available in subsequent section 1983 litigation.").

Corbett's state-court action, however, was not a simple Article 78 proceeding. It was a hybrid proceeding, seeking both Article 78 relief *and* (1) a declaration that the proper-cause requirement is facially unconstitutional and (2) relief under the Freedom of Information Law. Neither of those additional forms of relief is available in an Article 78 proceeding. N.Y.C.P.L.R. § 7803 (listing the "only questions" that may be raised in an Article 78 proceeding); *see also Hachamovitch v. DeBuono*, 159 F.3d 687, 695 (2d Cir. 1998) (Article 78 courts may determine if a legislative act or rule is unconstitutional as applied to the petitioner, but may not rule on its facial validity). Nevertheless, the Supreme Court and First Department addressed the non-Article 78 claims on the merits, rendering the state proceeding a hybrid proceeding. *Matter of Corbett v. City of New York*, 73 N.Y.S.3d 568, 569–70 (1st Dep't 2018) (affirming the judgment, expressly rejecting Corbett's facial challenge and finding the FOIL claim moot); *see also Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808, 813 (2d Cir. 2010) ("It is therefore clear to us that [the plaintiff] commenced a hybrid action and that the state court treated it as such . . . . [T]he state court also treated the case as a hybrid Article 75/Article 78/plenary action, and we must view it as such for preclusion purposes.").

Corbett therefore (a) could have raised his § 1983 claim, based on the same transaction, in that hybrid proceeding, *see, e.g.*, *Coleman v. Daines*, 19 N.Y.3d 1087, 1089 (2012) (discussing a "hybrid CPLR article 78 proceeding and 42 USC § 1983 action"); and (b) did, in fact, raise his facial challenge, J. App'x at 70 (seeking "[d]eclaratory relief that the 'proper cause' requirement . . . is facially unconstitutional"). Accordingly, both the proposed § 1983 claim and facial

5

challenge constitute "issues that were or could have been raised" in the hybrid proceeding. *See Giannone*, 548 F.3d at 193 (internal quotation marks omitted). We therefore conclude that Corbett's claims—including those in his proposed amended complaint—are barred by res judicata. *See Sheffield*, 393 F. App'x at 812–13 (holding that the state court's dismissal of a hybrid proceeding precluded a subsequent federal action for money damages, even though a pure Article 78 proceeding would not have precluded the federal action).

Corbett's arguments challenging this conclusion on the basis that the state claims rendering his state action a hybrid proceeding were not damages claims are meritless. Res judicata bars all claims that *could have been raised*, not just those actually raised. *See Giannone*, 548 F.3d at 193. And Corbett's brief assertion that a state court cannot remedy a § 1983 claim is clearly meritless as well. *See Haywood v. Drown*, 556 U.S. 729, 739–41 (2009) (explaining that as courts of general jurisdiction, the New York Supreme Courts may properly hear both suits for damages under § 1983 and suits for declaratory and injunctive relief).

We have considered all of Corbett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6