24-1322-bk
*In re: 720 Livonia Developments LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-five        .

PRESENT:

> REENA RAGGI,
> GERARD E. LYNCH
> BETH ROBINSON,
> > *Circuit Judges.*

_____

IN RE: 720 LIVONIA DEVELOPMENTS LLC,
> *Debtor.*

_____

CHAIM LANDAU,

> *Appellant,*

MELUCHIM HOLDINGS LLC,

> *Petitioning Creditor-Appellant,*

> > v.                                              No. 24-1322

720 LIVONIA OPERATIONS LLC,

*Appellee.*[*]

_____

FOR APPELLANTS:  KEVIN J. NASH (Joseph T. Donovan, *on the brief*), Goldberg Weprin Finkel Goldstein LLP, New York, NY.

FOR APPELLEE:  MELISSA A. PEÑA, Norris McLaughlin, P.A., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *Judge*) affirming an order of the Bankruptcy Court (Mazer-Marino, *Judge*).  **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that April 24, 2024 judgment is **AFFIRMED.**

In this appeal, Appellant Meluchim Holdings LLC ("Meluchim") and its sole owner, Appellant Chaim Landau, challenge the bankruptcy court's judgment disallowing their proof of claim in the amount of $728,452.02 against 720 Livonia Development LLC (the "Debtor").  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

_____

[*] The Clerk's office is directed to amend the caption as reflected above.

In December 2014, Landau caused Meluchim to remit $500,000 to CS Construction Group, LLC, an LLC associated with Chaskiel Strulovitch. In August 2015, Landau entered into a partnership agreement with Strulovitch for the purpose of purchasing, renovating, and leasing property at 720 Livonia Avenue, Brooklyn, NY. The agreement acknowledged that Landau had provided $500,000 for the purpose of purchasing the building, and that Strulovitch had contributed approximately $950,000, and established a framework for allocating future proceeds from the endeavor.

Alleging that Strulovitch did not make good on his promise and instead placed title to the property in two limited liability companies he owned, 720 Livonia Development LLC and MG Livonia LLC, Landau sued Strulovitch and the two companies in state court, raising legal and equitable claims. Following a bench trial, the state court concluded that Landau failed to prove his claims and dismissed the action. Among other things, the state court concluded that Landau failed to establish his interest in the partnership with sufficient specificity, to show that Strulovitch had breached the agreement, and to establish fraud. The court relied in part on the absence of any evidence that the venture had generated any proceeds. With respect to Landau's unjust enrichment claim, the

court held that even assuming that the defendants had been enriched by the $500,000 contribution made on Landau's behalf, that payment "was from the bank account of Meluchim Holdings LLC," and Landau submitted no evidence regarding his relationship to Meluchim. App'x 164.

Meluchim, acting in its own name, subsequently filed an involuntary bankruptcy petition against the Debtor, and, along with Landau, submitted a proof of claim for $728,452.02, reflecting the $500,000 payment that Meluchim made on Landau's behalf plus interest. Appellee 720 Livonia Operations LLC, an investor in the Debtor, objected to the claim. On cross motions for summary judgment, the bankruptcy court entered summary judgment against Meluchim and Landau on the ground that the state court judgment against Landau concerning the same subject matter precluded their claim. *In re 720 Livonia Development LLC*, No. 19-47797, 2023 WL 5421832, at *11–12 (Bankr. E.D.N.Y. Aug. 22, 2023). The bankruptcy court concluded that claim preclusion applied against Meluchim as well as Landau because the state court judgment was a disposition on the merits; it arose from the same transaction as that underlying Meluchim's proof of claim; and Meluchim was in privity with Landau, its sole

4

member.  *Id.* at *12.  Alternatively, the bankruptcy court ruled that Meluchim and Landau had failed to prove their claim on the merits.  *Id.* at *12–14.

The district court affirmed the bankruptcy court's judgment based on the claim-preclusion rationale; it did not consider the merits of Meluchim and Landau's claim.  *In re 720 Livonia Development LLC*, No. 1:23-cv-06752 (FB), 2024 WL 1740669, at *5–6 (E.D.N.Y. Apr. 23, 2024).

Before this Court, Meluchim and Landau primarily challenge the bankruptcy court's application of claim preclusion against Meluchim, which was not a party to the state court action.  They contend that the bankruptcy and district courts erroneously concluded that Meluchim was in privity with Landau in connection with the state court action.

On appeal of a district court's affirmance of a bankruptcy court's order, we review the bankruptcy court's decision "independently," evaluating its legal conclusions without deference to the bankruptcy court's reasoning, and its factual findings for "clear error."  *In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d

5

Cir. 2008).[1]  In other words, our review of the bankruptcy court's ruling is

"plenary."  *Super Nova 330 LLC v. Gazes*, 693 F.3d 138, 141 (2d Cir. 2012).

We apply New York law to determine the preclusive effect of a New York

state court judgment.  *See Whitfield v. City of New York*, 96 F.4th 504, 522–23 (2d

Cir. 2024) ("The full faith and credit statute, 28 U.S.C. § 1738, requires federal

courts to give to a state-court judgment the same preclusive effect as would be

given that judgment under the law of the State in which the judgment was

rendered.").

"Under New York law, a final judgment on the merits of an action

precludes the parties or their privies from relitigating issues that were or could

have been raised in that action."  *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191,

193 (2d Cir. 2008).  Privies include "those who are successors to a property

interest, those who control an action although not formal parties to it, those

whose interests are represented by a party to the action, and possibly coparties to

a prior action."  *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (applying New

York law) (emphasis omitted).  The rationale for extending the preclusive effect

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal
quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

6

of a decision to those in privity with a litigating party is that the two are "identified . . . in interest." *Matter of Shea*, 309 N.Y. 605, 617 (1956).

Moreover, under the federal Due Process Clause a nonparty to an action may be bound by a judgment in that action only if the concerned parties understood that the first suit "was brought in a representative capacity," or the court took steps to protect the nonparty's interests. *Taylor v. Sturgell*, 553 U.S. 880, 897–98 (2008) (identifying "representative suit" as one of six claim preclusive categories).

The critical issue here is whether Meluchim and Landau had a sufficient identity of interests in the New York litigation and whether Landau sufficiently represented Meluchim's interests to warrant binding Meluchim to the final decision in that case. We conclude that they did.

As the sole owner of Meluchim, Landau's interest in vindicating Meluchim's legal rights in connection with the $500,000 payment was coextensive with Meluchim's. "A clearer case for application of the [privity] doctrine could hardly be imagined than one involving successive attempts to litigate the same question by a corporation and by its owner or owners." *Matter of Shea*, 309 N.Y. at 617. *See Shire Realty Corp. v. Schorr*, 55 A.D.2d 356, 363 (N.Y.

7

App. Div. 2nd Dep't 1977) ("[S]ole stockholders of . . . corporation[] should be deemed to have been in privity with it."); *cf. In re Teltronics Servs., Inc.*, 762 F.2d 185, 190–91 (2d Cir. 1985) (individual who was the founder, president, chairman of the board, and a "substantial shareholder" of a corporation and who controlled prior action held to be in privity with the company and thus bound by prior judgment against corporation).

Meluchim and Landau distinguish *Shea* on the basis that in the state court action Landau did not seek recovery of the $500,000 for Meluchim but instead sought vindication of his partnership rights stemming from the $500,000 payment. But this argument is undercut by the state court complaint in which Landau sought, among his alternate claims for relief, recovery of the $500,000 on unjust enrichment grounds. Especially given that Landau's state court action sought recovery of the $500,000 payment, *Meluchim's* potential recovery of those funds was squarely in the mix of issues implicated in that action. *See Giannone*, 548 F.3d at 193 (explaining that claim preclusion bars claims that "were or *could have been raised*" in a prior action (emphasis added)).

In addition, it seems clear that if Landau had *succeeded* in his claim before the state court, then Meluchim would be barred from suing the Debtor for return

of the same $500,000.  *See Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277–78 (1970) (ruling that two parties were in privity in part because they shared the same interest in the ownership of the proceeds of a bank account).

Finally, we reject Meluchim's argument that the state court prevented Landau from fully developing his claims during the bench trial.  Any challenges to the state trial court proceedings could have been pursued through the state appellate process.  *Cf. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("[A]n erroneous conclusion reached by the court in the first suit" does not prevent the application of res judicata.  Instead, "A judgment . . . based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review. . . ").

Because we conclude the bankruptcy court's application of claim preclusion was not erroneous, we need not consider its alternative basis for disallowing Meluchim and Landau's claims.  Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
