Graves v. Goodnow Flow Ass'n

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> > *Circuit Judges,*
> DENISE COTE,*
> > *Circuit Judge.*

---

John A. Graves,

> *Plaintiff-Appellant,*

> v.                                                                 17-3457

Goodnow Flow Association, Inc., et al.,
> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:                    John A. Graves, pro se, Merritt, NC.

FOR GOODNOW FLOW
ASSOCIATION APPELLEES:                      Jesse P. Schwartz, Walsh & Walsh LLP,
                                            Saratoga Springs, NY.

FOR LUDEMANN, McMORRIS
& SILVESTRI APPELLEE:                       Jonathan M. Bernstein, Goldberg Segalla LLP,
                                            Albany, NY.

---

* Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John A. Graves, proceeding pro se, appeals the district court's dismissal of his complaint for lack of jurisdiction and for failure to state a claim. Graves sued the Goodnow Flow Association ("GFA"), nine of its directors, and a law firm that had previously represented him, Ludemann, McMorris & Silvestri, P.C. ("Ludemann") under 42 U.S.C. § 1983, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for racketeering and fraud, the Due Process Clause of the Fourteenth Amendment, and state law. Graves alleged that GFA and its directors had extorted and defrauded him by collecting membership dues, and had violated his due process rights by making misrepresentations in a state court action for unpaid dues. He further alleged that Ludemann had "aided and abetted" GFA and was liable for legal malpractice under state law. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo the dismissal of a complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), including the district court's application of the *Rooker-Feldman* doctrine, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (reciting standard applicale to Rule 12(b)(6)); *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (Rule 12(b)(1)); *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (*Rooker-Feldman*). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Graves's due process claim is barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923). A claim is barred under the doctrine when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, the New York State Supreme Court granted summary judgment to GFA on the dues issue; Graves's federal complaint argues that the state court decision violated his due process rights; he invited the district court to review and reject the state court ruling by arguing that it violated his rights and was based on GFA's misrepresentations; and the state court judgment was entered in 2014, two years before Graves

2

filed his complaint in federal court. Accordingly, Graves's due process claim was barred by the *Rooker-Feldman* doctrine and the district court lacked jurisdiction to consider it.

The *Rooker-Feldman* doctrine may not bar Graves's remaining RICO and state law claims against GFA. "[F]ederal plaintiffs are not subject to the *Rooker–Feldman* bar unless they complain of an injury caused by a state judgment." *Hoblock*, 422 F.3d at 87 (emphasis omitted). Graves's remaining claims against GFA pertain primarily to the collection of dues; as a result, it is not clear that those claims were *caused* by the state court judgment, so much as they seek a result opposed to the state court judgment.

However, as the district court found, the remaining claims are barred by res judicata, because Graves could have asserted those claims in the state action as counterclaims or in opposition to summary judgment. *See Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192-93 (2d Cir. 2008) (applying New York res judicata law to New York state court judgments); *Hoblock*, 422 F.3d at 88 n.6, 92-93 (holding preclusion may apply to cases not barred by *Rooker-Feldman*); *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (applying New York law and holding that a claim is subject to res judicata where it arises from the same facts as the prior case); *Simpson Elec. Corp. v. Leucadia, Inc.*, 72 N.Y.2d 450, 461 (1988) (finding New York state courts have concurrent jurisdiction over RICO claims); *Henry Modell & Co. v. Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 N.Y.2d 456, 461 (1986) (holding that "a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory"). Graves's argument that res judicata should not apply because the state court judgment was based on misrepresentations does not undermine the preclusive effect of the earlier judgment, but rather challenges the state court's determination of the merits. *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 122 (2d Cir. 2007).

Graves has abandoned any challenges to the district court's dismissal of his claims against Ludemann and its decision not to exercise supplemental jurisdiction over his state law claims by failing to raise them on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, any due process claim against Ludemann is similarly barred by the *Rooker-Feldman* doctrine and was properly dismissed sua sponte. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."). Because there was no basis for federal subject matter jurisdiction, the district court properly declined to exercise supplemental jurisdiction over Graves's state law claim of legal malpractice. *See, e.g., Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (observing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (ellipses omitted)).

3

We have considered Graves's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4